RUBIN, J.
*1013 *788 This case arose when the plaintiff, The Landing Group, Inc., applied to the Department of Environmental Protection (DEP) for a license amendment under G. L. c. 91 and 310 Code Mass. Regs. §§ 9.00 et seq. (2008), to construct a residential and commercial development with maritime aspects, such as a dock, on private and Commonwealth tidelands in Pigeon Cove Harbor in Rockport. The application sought an amendment of a *789 license issued in 2008 by the DEP to the previous owner of the property. A public hearing was held on the plan the plaintiff submitted with the application, and the plans were twice revised during the public comment and hearing process.
After the second amendment was accepted by the DEP, an additional hearing was held on that amended plan because, by that point, the DEP had found that the proposal was so different from the one originally submitted that a new public comment period was required. In each of the two cases of amendment, new plans were submitted by the plaintiff, all including both waterside and nonwaterside uses.
After the second hearing was held on the "revised final project plans" submitted in March, 2014, the plaintiff sent an electronic mail message (e-mail) to the DEP purporting to "withdraw[ ] the pending license amendment application as being reviewed pursuant to any procedure other than [§] 20 of [G. L. c.] 91."
General Laws c. 91, § 20, provides a more limited DEP review of plans for building bridges, wharves, piers, and dams over tidewaters under legislative authorizations of which several hundred were enacted in the late Eighteenth and early Nineteenth Centuries. See Trio Algarvio, Inc. v. Commissioner of the Dept. of Envtl. Protection, 440 Mass. 94, 95, 795 N.E.2d 1148 (2003). After private development spurred by these authorizations became "rapid and chaotic," the Legislature in 1866 passed a statute creating a board of harbor commissioners -- the DEP's predecessor -- whose permission would be required for building on tidelands where the authority to build derived from past legislative authorizations. See id. at 99-100, 795 N.E.2d 1148. See also St. 1866, c. 149. According to the current version of § 20, the DEP may review plans with respect to these tidelands only for their consistency with the legislative authorization, and may only alter them "consistent with the legislative grant." This contrasts with the DEP's review of most other projects, according to which the DEP may issue a license or permit only if the project "serves a proper public purpose which provides greater benefit than detriment to the rights of the public in said lands." 310 Code Mass. Regs. § 9.31(2) (1996).
The plaintiff's e-mail was apparently intended to convey that it now sought review only under G. L. c. 91, § 20. For the first time the plaintiff suggested that there was legislative authorization for development of the property under an 1831 statute which is denominated "An Act to incorporate the Pigeon Cove Harbor Company." St. 1831, c. 34. A further e-mail reiterated that § 20 applied *790 and that the DEP review was limited to determining whether there was "conformance with the authorizing legislation."
Finally, on August 20, 2014, plaintiff's counsel sent a five-page letter to the DEP which stated more clearly that the plaintiff purported to withdraw its plans seeking approval of the land-based development, *1014 and that it sought approval only of the "in-water work" aspect of the plans it had filed. No new plans showing only these so-called "waterside" uses -- the nomenclature used by DEP before us and that we will also employ for present purposes -- were filed with any of these e-mails or the letter.
In December, 2014, the DEP issued an order signed by the program director of the DEP's wetlands and waterways regulation program denying the amended application for a license amendment. That decision reviewed the amended plan submitted in March, 2014. That is, the DEP did not review only the waterside portion of the plan under G. L. c. 91, § 20, but reviewed the amended plan on which the hearing had been held.
On appeal first to the office of appeals and dispute resolution of the DEP, and now before the courts, the plaintiff argues primarily that the DEP erred in failing to evaluate only the waterside portion of its plan. For the first time, the plaintiff presented a plan showing only the waterside development, the development of which it claims it seeks approval, as an attachment to its rebuttal brief before the office of appeals and dispute resolution.
We agree with the detailed and thoughtful memorandum and decision of the judge of the Superior Court who ruled on the plaintiff's motion for judgment on the pleadings, that the DEP was not bound to accept the midstream partial withdrawal of the plaintiff's March, 2014, plan and to review the waterside-only portions of the far more comprehensive plans submitted by the plaintiff as requested in the e-mails and the letter sent to the DEP. The plaintiff points to no provision of law requiring the DEP to accept an amendment of an application sought by this irregular process. Further, among other things, the plaintiff did not even provide a plan showing only the work for which it purports to have been seeking approval, and the DEP cannot be faulted for failing to evaluate a plan that was never even put before it. See 310 Code Mass. Regs. § 9.11(3)(c)(1) (2008) (complete application to DEP must contain "a set of final plans which are prepared in accordance with the format standards required for recording of licenses in the appropriate Registry of Deeds or Land Court for the district in which the licensed activity is to be performed; and *791 which are certified by a Registered Professional Engineer or Land Surveyor," and which meet further requirements); 310 Code Mass. Regs. § 9.24(1) (1996) (license amendment application requires submission of "appropriate plans").
This does not mean the plaintiff's opportunity for evaluation of its waterside-only proposal has been waived. As the judge found, and as the DEP conceded at oral argument before us, the plaintiff remains free to submit a waterside-only proposal, with an accompanying plan that satisfies the regulations, to the DEP for review. But at no time since the Superior Court judgment entered over seventeen months ago, indeed, at no time since the DEP ruled on the plaintiff's amended proposal over three years ago, has it done so.
To the extent the plaintiff asks us to cut to the chase and approve under G. L. c. 91, § 20, the plan attached to its rebuttal brief before the office of appeals and dispute resolution, we decline the invitation. We agree with the DEP that the doctrine of primary jurisdiction requires the DEP to undertake the review of any proposal in the first instance. See Department of Envtl. Quality Engr. v. Cumberland Farms of Conn., Inc., 18 Mass. App. Ct. 672, 676, 469 N.E.2d 1286 (1984). Among other things, there are unresolved legal and factual issues at least some of which must be addressed in an appropriate DEP proceeding in order properly to complete § 20 review, including the nature of *1015 the grant in the 1831 statute; whether that grant runs with the land or was personal to the Pigeon Cove Harbor Company; whether the separation of ownership between a breakwater whose maintenance was required of the Pigeon Cove Harbor Company by the 1831 act, and the shoreline on which the plaintiff seeks to build, limits the plaintiff's entitlement to any benefits conferred by that statute; what development exactly was permitted by the statute; and whether the proposed project is in conformance with the legislative authorization.
Judgment affirmed.